**United States District Court**
**Northern District of Alabama**
**Southern Division**

FILED
02 OCT 23 PM 2:30
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| MAUDE K. LINDSEY, | ] | |
| | ] | |
| Plaintiff(s), | ] | |
| | ] | |
| vs. | ] | CV-02-N-1838-S |
| | ] | |
| THE TERMINIX INTERNATIONAL COMPANY, LLP, | ] | |
| | ] | |
| Defendant(s). | ] | |

ENTERED
OCT 23 2002

**Memorandum of Opinion**

**I.   Introduction.**

The court has for consideration Defendant's motion to stay pending arbitration and for an order compelling arbitration of all claims, filed September 6, 2002. [Doc. # 5.] The issues have been briefed by both parties and are now ripe for decision. Upon due consideration, the motion will be granted.

**II.   Facts.**

The plaintiff, Maude Lindsey ("Ms. Lindsey"), is an eighty-eight year old Alabama resident. The defendant, The Terminix International Company, LLP, ("Terminix"), is a limited partnership organized under the laws of the state of Delaware with its principal place of business in Memphis, Tennessee. None of the general or limited partners of Terminix are citizens of the state of Alabama. The dispute between the parties arises out of a Termite Baiting System Protection Plan ("the Protection Plan"), issued by Terminix on April 30, 2001, which provides that Terminix will inspect and treat Ms. Lindsey's home for termites. Ms. Lindsey avers that her home is now infested by subterranean termites. She



filed the instant lawsuit against Terminix on June 25, 2002. Ms. Lindsey raises claims for negligence, failure to warn, negligent supervision, breach of contract, breach of express warranty, deceptive and/or misleading warranty, failure to comply with Alabama Code section 7-2-314, failure to comply with Alabama Code section 7-2-315, and failure to comply with the Magnuson-Moss Warranty Act. [Doc. # 7, Amended Compl.]

In performing its duties under the Protection Plan, Terminix purchased and transported from outside the state of Alabama most of the materials and equipment used on Ms. Lindsey's house, including the termite baiting system used to treat her house. The Protection Plan includes the following arbitration provision:

> 10. ARBITRATION. THE PURCHASER AND TERMINIX AGREE THAT ALL MATTERS IN DISPUTE BETWEEN THEM, INCLUDING BUT NOT LIMITED TO, ANY CONTROVERSY OR CLAIM BETWEEN THEM ARISING OUT OF OR RELATING TO THIS AGREEMENT, TO ANY WOOD DESTROYING INSECT REPORT WITH RESPECT TO THE STRUCTURES, ANY SERVICES PROVIDED BY TERMINIX OR OTHERWISE TO THE STRUCTURE IN ANY WAY, WHETHER BY VIRTUE OF CONTRACT, TORT OR OTHERWISE, SHALL BE SETTLED EXCLUSIVELY BY ARBITRATION. THE PARTIES ACKNOWLEDGE, AGREE AND UNDERSTAND THAT BY AGREEING TO MANDATORY ARBITRATION, THEY ARE FOREVER FOREGOING THEIR RIGHT TO BRING THEIR CLAIM IN COURT AND TO HAVE THEIR DISPUTE DECIDED BY A JUDGE OR JURY. Such arbitration shall be conducted in accordance with the Commercial Arbitration Rules then in force of the American Arbitration Association. . . . The [arbitration] award shall not [include], and the arbitrator shall not have the power or authority to hold Terminix responsible for . . . punitive, exemplary or treble damages. . . . The parties acknowledge that this agreement evidences a transaction involving interstate commerce. The Federal Arbitration Act shall govern the interpretation, enforcement, and proceedings pursuant to this agreement.

[Doc. # 5, Ex. A.] Terminix claims that all of Ms. Lindsey's claims are subject to arbitration pursuant to this provision. Ms. Lindsey has raised several arguments in opposition to Terminix's motion; she argues that: the Protection Plan does not involve interstate

commerce, the warranty claims are not subject to arbitration, the arbitration provision is unconscionable, the arbitration provision is unconstitutional, and she should be allowed to engage in discovery to amass evidence in support of her challenges to the arbitration provision. The court will address each of Ms. Lindsey's arguments in turn.

## III. Discussion.

### A. Interstate Commerce.

Section 2 of the Federal Arbitration Act ("FAA") provides that a "written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. A written agreement to arbitrate future controversies is therefore enforceable as a matter of law if the agreement is voluntarily entered into and appears in a contract evidencing a transaction involving interstate commerce. See Allied-Bruce Terminix Cos., Inc. v. Dobson, 513 U.S. 265, 281 (1995); MS Dealer Serv. Corp. v. Franklin, 177 F.3d 942, 947 (11th Cir. 1999). In Dobson, the Supreme Court interpreted the phrase "involving commerce" broadly to encompass all transactions affecting commerce, even those in which "the parties did not contemplate an interstate commerce connection." Dobson, 513 U.S. at 281. Generally, the requirement of an effect on interstate commerce is met where the contract in question is between parties from different states. See, e.g., Stinson v. America's Home Place, Inc., 108 F. Supp. 2d 1278, 1281 (M.D. Ala. 2000) ("The requirement of interstate commerce is met here because [the defendant], a Georgia corporation, contracted with [the plaintiff], an Alabama resident, to build a home

3

for [the plaintiff] in Alabama, and because the materials used in the construction of the home traveled in interstate commerce."); *Rollins, Inc. v. Foster*, 991 F. Supp. 1426, 1430 (M.D. Ala. 1998) ("The requirement of interstate commerce is met here as [the plaintiff] is a resident of Alabama and [the defendants] were incorporated in Delaware and have their principal places of business in Georgia."); *Allied-Bruce Terminix Cos., Inc., d/b/a/ Terminix Serv. v. Butler*, 816 So. 2d 9, 12 (Ala. 2001) ("[E]vidence [that the defendant is incorporated outside the state of Alabama and that most of the materials and equipment used to treat the plaintiffs' homes were purchased outside Alabama] indicates that the service performed by [the defendant] had a substantial effect on interstate commerce.").[1] Because Ms. Lindsey is a resident of Alabama, Terminix is organized under the laws of Delaware and has its principal place of business in Tennessee, and Terminix moved many of the supplies needed to complete its performance under the Protection Plan in interstate commerce, the court finds that the Protection Plan involves interstate commerce so as to make the arbitration provision enforceable under the FAA.

**B. The warranty claims.**

Ms. Lindsey contends that her claims for breach of express warranty and failure to comply with the Magnuson-Moss Warranty Act are not subject to the arbitration provision.[2]

---

[1] Furthermore, the fact that Congress has regulated the pest control industry in the Federal Insecticide, Fungicide, and Rodenticide Act, 7 U.S.C. §§ 136-136y, indicates that "Congress has concluded that [the subject matter of the Protection Plan] involves interstate commerce." *Hurst v. Tony Moore Imports, Inc.*, 699 So. 2d 1249, 1256 (Ala. 1997).

[2] The Eleventh Circuit recently held that the Magnuson-Moss Warranty Act permits binding arbitration and that a written warranty claim arising under the Magnuson-Moss Warranty Act may be subject to a valid pre-dispute binding arbitration agreement. *Davis v. Bilo Homes, Inc.*, No. 01-13831, 2002 U.S. App. Lexis 19598 (Sept. 19, 2002). The defendant argues that the Protection Plan is a contract for services; thus, the Magnuson-Moss Warranty Act cannot properly be invoked by the plaintiffs. However, for purposes of the instant motion, the court need not, and does not, decide whether any applicable warranties are covered by the Magnuson-Moss Warranty Act.

In support of this argument, Ms. Lindsey attaches a copy of an undated "Summary of Certain Terms and Conditions of Your Valuable Termite Plan," addressed to her, that she claims amounts to an express warranty. She alleges that because Terminix did not include the arbitration provision in the "warranty," her breach of warranty claims are not arbitrable. *See Cunningham v. Fleetwood Homes of Ga., Inc.*, 253 F.3d 611 (11th Cir. 2001) (holding that a breach of warranty claim is not subject to binding arbitration when there is no reference to arbitration in the warranty). The court has reviewed the document and finds that nothing in it purports to create any warranties with respect to the inspections and treatment due to be provided by Terminix. Rather, the "Summary" merely summarizes the terms and conditions of the Protection Plan. Furthermore, the "Summary" states:

> See your Terminix Termite Baiting System Protection Plan for additional conditions and limitations, which are incorporated herein by reference, and which shall control in the event of any conflict with this Summary. The Terminix Termite Baiting System Protection Plan provides for arbitration of any controversy or claim arising out of or relating to the Plan.

Thus, even if the "Summary" sets forth any applicable warranties, it also makes reference to the applicable arbitration provision. Because the court is of the opinion that the only source for any applicable warranties in this case is the Protection Plan, a document that contains an arbitration provision, and because the "Summary," even if construed as a warranty, contains a provision concerning arbitration, the court concludes that Ms. Lindsey's breach of warranty claims are subject to arbitration.

C.  **The unconscionability argument.**

Ms. Lindsey argues that because she will likely be forced to bear the filing and other fees associated with arbitration, and because the parties had "unequal bargaining power,"

the arbitration provision in the contract is unconscionable. Ms. Lindsey alleges that she is eighty-eight years old and that "no one from Terminix offered to explain to [her] what [arbitration] meant or, [sic] how the process was carried out." [Doc. # 8, Ex. 2, at ¶¶ 3-4.] She has not asserted, however,

> additional matters that [the Alabama Supreme Court] has recognized as material to a determination of unconscionability, such as "a refusal of [her] request for assistance after [she] had notified someone that [she was] unable to see or to understand; [her] inability to obtain the [service] made the basis of this action from this seller, or from another source, without having to sign an arbitration clause; the oppressiveness or unfairness of the mechanism of arbitration; or the fairness of a discount or other quid pro quo in exchange for [her] accepting an arbitration agreement.

*Ex parte Parker*, 730 So. 2d 168, 171 (Ala. 1999) (quoting *Ex parte Napier*, 723 So. 2d 49, 52 (Ala. 1998)). The fact that the plaintiff may have to bear the costs of arbitration is not enough, in and of itself, to invalidate the arbitration clause. *See Ex parte Dan Tucker Auto Sales, Inc.*, 718 So. 2d 33, 37 (Ala. 1998). Furthermore, the bare allegation that the parties had "unequal bargaining power," without more, cannot support a finding of unconscionability.

However, although the issue was not raised by the parties, the court has discovered two recent decisions of the Alabama Supreme Court holding that to the extent that a predispute arbitration provision forbids an arbitrator from awarding punitive damages, the provision violates public policy, and its enforcement would be unconscionable. *See Ex parte Celtic Life Ins. Co.*, Nos. 1010738, 1010759, 2002 Ala. Lexis 143 (Ala. May 3, 2002); *Ex parte Thicklin*, No. 1000224, 2002 Ala. Lexis 11 (Ala. Jan. 11, 2002). The court in *Thicklin* further held that the appropriate remedy in such a case is to strike the unconscionable

6

portion of the arbitration provision and compel the parties to arbitrate their disputes. *See Thicklin*, 2002 Ala. Lexis 11, at *28.

The arbitration provision in the Protection Plan states that the arbitrator "shall not have the power or authority to hold Terminix responsible for . . . punitive . . . damages." [Doc. #5, Ex. A.] Because the Alabama Supreme Court has found that a clause prohibiting an award of punitive damages violates the state's public policy and is therefore unconscionable, the court must strike the offending language from the arbitration provision. With that language excised from the arbitration provision, the provision is not unconscionable.

### D.     The constitutionality of the provision.

Ms. Lindsey contends that the arbitration provision is unconstitutional in that it violates her Seventh Amendment right to a jury trial. The Seventh Amendment right to a jury trial is not absolute and is not applicable to all disputes. *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33 (1989), *Allied-Bruce Terminix Cos., Inc. v. Dobson*, 684 So. 2d 102, 114 (Ala. 1996) (Hooper, C.J., concurring specially). In order to demonstrate that her rights under the Seventh Amendment were violated, Ms. Lindsey must show that the arbitration clause itself is unconscionable, such that "the arbitrator cannot hear [her] claims against [the defendant], or cannot award the full panoply of relief available in state courts under Alabama law." *Stinson*, 108 F. Supp. 2d at 1286 (quoting *Goodwin v. Ford Motor Credit Co.*, 970 F. Supp. 1007 (M.D. Ala. 1997)). Because the court has determined that with the language prohibiting an award of punitive damages stricken from it, the arbitration provision

is not unconscionable, the court cannot conclude that Ms. Lindsey's right to a jury trial has been unlawfully abridged. *See id.*

### E. Discovery.

Finally, Ms. Lindsey argues that she should be permitted to conduct discovery "on several issues which would invalidate the arbitration provision." [Doc. # 8, at 12.] However, the defendant contends, and the court agrees, that Ms. Lindsey has failed to make the sort of allegations, that, if proven, would demonstrate her entitlement to discovery. In *First Family Fin. Servs., Inc. v. Jackson*, 786 So. 2d 1121 (Ala. 2000), the Alabama Supreme Court denied a plaintiff's request to engage in discovery because the plaintiff failed to submit substantial evidence of unconscionability. *Jackson*, 786 So. 2d at 1131. Because Ms. Lindsey has failed to present substantial evidence of unconscionability, she is not entitled to conduct discovery.

## IV. Conclusion.

In sum, the court is of the opinion that motion to stay pending arbitration and for an order compelling arbitration is due to be granted. The court will enter an appropriate order in conformity with this memorandum of opinion.

Done, this 2 2nd of October, 2002.

_____
Edwin Nelson
United States District Judge

8