United States District Court
Northern District of Alabama
Southern Division

FILED
03 JUN -4 PM 1: 35
U.S. DISTRICT COURT
N.D. OF ALABAMA

Maude K. Lindsey, ]
]
    Plaintiff(s), ]
]
vs. ] CV-02-CO-1838-S
]
The Terminix International ]
Company, LLP, ]
]
    Defendant(s). ]

ENTERED
JUN 0 4 2003

**Memorandum of Opinion**

### I. Introduction.

Presently before the court is a motion to remand and to vacate and declare void prior orders entered without jurisdiction, filed by the defendant, The Terminix International Co., LLP ("Terminix") on December 19, 2002. [Doc. # 15.] Upon due consideration, the court is of the opinion that the motion is due to be granted.

### II. Facts.

Plaintiff Maude K. Lindsey ("Ms. Lindsey"), a resident and citizen of Alabama, filed the instant lawsuit against Terminix in the Circuit Court of Jefferson County on June 25, 2002, raising a number of claims arising out of Terminix's treatment of her home for termites. On July 25, 2002, Terminix, a limited partnership organized under the laws of the state of Delaware with its principal place of business in Memphis, Tennessee, removed the action to this court, invoking the court's diversity jurisdiction as the basis of subject matter jurisdiction. In its notice of removal, Terminix averred that none of its general or limited partners were citizens of Alabama. Believing Terminix's statement as to the citizenship of



its general and limited partners, the court had no reason to doubt the propriety of its subject matter jurisdiction over the action.

On September 6, 2002, Terminix filed a motion to stay pending arbitration and to compel arbitration, which the court granted on October 23, 2002. [Doc. ## 5, 12-13.] As far as the court was concerned, its dealings with Ms. Lindsey and Terminix had come to an end on that date. However, on December 19, 2002, Terminix filed the instant motion to remand and to vacate and declare void prior orders entered without jurisdiction, asserting as grounds therefor that it had recently discovered that, at the time of removal, one of its limited partners had its principal place of business in Mobile, Alabama. Specifically, Terminix averred that Allied Bruce-Terminix Companies, Inc. ("Allied Bruce"), a corporation organized under the laws of Arkansas with operations in a number of states and its headquarters in Mobile, Alabama, became a Class B limited partner of Terminix in January 2001. However, the individual charged with the responsibility for maintaining and providing information regarding corporate organization and structure at Terminix did not become aware of this corporate change until December 2, 2002. Having washed its hands of the parties once, the court now finds itself in the position to do so again, this time (it hopes) for good.

## III. Standard.

For removal under 28 U.S.C. § 1441 to be proper, the federal court must have subject matter jurisdiction in the case. The propriety of subject matter jurisdiction must be assessed at the time of removal. *Behlen v. Merrill Lynch, Phoenix Inv. Partners, Ltd.*, 311 F.3d 1087, 1095 (11th Cir. 2002). "If at any time before final judgment it appears that the district court

lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Additionally, any order entered by a court lacking jurisdiction is void and should be vacated. *See Boullouche v. Conoco Oil Corp.*, 615 F.2d 687-88 (5th Cir. 1980) ("Since the court lacked jurisdiction over the action, it had no power to render a judgment on the merits.").

**IV.     Discussion.**

When it removed this action, Terminix invoked the court's diversity jurisdiction. [Doc. # 1, Notice of Removal.] In order to establish that the court has diversity jurisdiction over an action, the party invoking the court's jurisdiction must establish that each defendant is diverse from each plaintiff. *Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 292 F.3d 1334, 1337 (11th Cir. 2002). In ascertaining the citizenship, for purposes of diversity jurisdiction, of a limited partnership, the court must consider the citizenship of all members of the partnership, including both general and limited partners. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 196 (1990); *Riley*, 292 F.2d at 1337-38. Because the limited partner in question in this case, Allied Bruce, is a corporation, the general rule for determining the citizenship of corporate parties applies; thus, Allied Bruce is deemed to be a citizen of the state in which it is incorporated and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1).

In the Eleventh Circuit, a corporation's principal place of business is determined by looking at the "total activities" of the corporation. *Bel-Bel Int'l Corp. v. Cmty. Bank of Homestead*, 162 F.3d 1101, 1106 (11th Cir. 1998). The total activities analysis incorporates both the "place of activities" test, wherein a court focuses on the production or sales

activities of the corporation, and the "nerve center" test, in which the emphasis is on the locus of the managerial and policymaking functions of the corporation. *Vareka Invs., N.V. v. Am. Inv. Props., Inc.*, 724 F.2d 907, 910 (11th Cir. 1984). Where the corporation in question has varied activities which are carried on in different states, as does Allied Bruce (according to Terminix's allegations), courts generally determine that the corporation's principal place of business is in the state where the corporation maintains its corporate offices. *TKI, Inc. v. Nichols Research Corp.*, 191 F. Supp. 2d 1307, 1316 (M.D. Ala. 2002).

Terminix has alleged that Allied Bruce has operations in a number of states and that the address listed as its corporate headquarters is in Mobile, Alabama. In the absence of any allegations to the contrary by Ms. Lindsey, the court finds that Allied Bruce, a limited partner of defendant Terminix as of the date of removal, has its principal place of business in Alabama, and is thus deemed to be a citizen of Alabama for purposes of diversity jurisdiction. Because one of its limited partners was a citizen of Alabama at the time of removal, Terminix is also deemed to be a citizen of Alabama for purposes of diversity jurisdiction; thus, complete diversity does not exist, and this court lacks subject matter jurisdiction over the instant action. As such, the motion to remand is due to be granted, and all previous orders entered by the court are due to be vacated and declared void for lack of jurisdiction.

## V.     Conclusion.

Because it finds that it lacks subject matter jurisdiction over this case, the court will grant the defendant's motion to remand and to vacate and declare void prior orders entered without jurisdiction. This case is due to be remanded to the Circuit Court for Jefferson

County, whence it was improvidently removed. The court will enter an appropriate order in conformity with this memorandum of opinion.

Done, this 3rd of June, 2003.

L. Scott Coogler
United States District Judge